# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MELVIN MCCOLLUM,

        Plaintiff,

v.                                       Case No. 10-11471

LIFE INSURANCE COMPANY OF NORTH
AMERICA, et al.,

        Defendants.
_____/

## OPINION AND ORDER ALLOWING LIMITED DISCOVERY ON PLAINTIFF'S PROCEDURAL CHALLENGE AND SETTING TELEPHONE CONFERENCE

Pending before the court is Plaintiff Melvin McCollum's procedural challenge to the plan administrator's denial of benefits in an action seeking reversal of the denial of benefits under ERISA. A hearing was held on November 23, 2010. After considering the arguments, the court finds that no discovery is necessary regarding Defendants' acknowledged structural conflict of interest because the court will review the record *de novo*. However, limited discovery will be allowed regarding Defendants' failure to provide Plaintiff with copies of plan documents.

## I. BACKGROUND

Until July 1996, Plaintiff was employed by FabriSteel Products, which has since changed ownership. Upon Defendants' unchallenged assertion, FabriSteel or its successor is a wholly owned subsidiaries of Doncasters Group Limited, a U.K. company. At some point prior to 1996, FabriSteel established a long term disability employee benefit plan ("LTD Plan"), for which Defendant Life Insurance Company of North America ("LINA") issued an insurance policy. Plaintiff was a participant in the

LTD Plan.  In February 1995, Plaintiff suffered an injury to his shoulder and back, which he alleges has caused "chronic and severe" pain and rendered him disabled for purposes of long term disability benefits.  In January 1997, LINA initially paid LTD Plan benefits to Plaintiff, and Plaintiff obtained Social Security disability benefits.  In January 2008, LINA determined that Plaintiff was ineligible for LTD Plan benefits and ceased its payments to Plaintiff.  In November 2008, LINA denied Plaintiff's administrative appeal of benefits termination.

On April 13, 2010, Plaintiff filed a complaint in this court, and an amended complaint was later filed.  On July 30, 2010, Plaintiff filed a statement of procedural challenge, alleging LINA had a structural conflict of interest because it served as both plan administrator and payor.  Plaintiff also requested discovery pertaining to its claim for civil penalties based on Defendants' failure to provide a summary plan description upon request.  Defendants's response opposed discovery.  A hearing was held on November 23, 2010, during which the parties agreed on the relevant facts but proffered alternative readings of the applicable law.

## II.  DISCUSSION

### A.  ERISA Procedural Challenge

As a general rule, discovery is not permitted in ERISA cases.  *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618 (6th Cir. 1998).  Courts are to consider only the record before the plan administrator.  *Id.* at 618.  Applying rules borrowed from trust law, district courts review *de novo* any challenge under 29 U.S.C. § 1132(a)(1)(B) to a denial of benefits, "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the

plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Where the plan documents expressly vest the plan administrator with such discretionary authority, courts instead "review the denial of benefits only to determine if it was 'arbitrary and capricious.'" *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 458 n.3 (6th Cir. 2003). "If a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there is an abuse of discretion." *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 112 (2008) (quoting *Firestone*, 489 U.S. at 115 (quoting Restatement (Second) of Trusts § 187, Comment *d* (1959))) (emphasis and internal quotation marks omitted). A conflict of interest inherently exists when the same party both evaluates and pays claims under a plan. *Glenn*, 554 U.S. at 112; *Firestone*, 489 U.S. at 109.

When a claimant challenges a denial of benefits and the procedure used by the plan administrator, limited discovery may be appropriate. *Wilkins*, 150 F.3d at 618. Even then, discovery is limited to those matters relevant to "a colorable procedural challenge under *Wilkins*." *Johnson v. Connecticut Gen. Life Ins. Co.*, 324 F.App'x 459, 467 (6th Cir. 2009). This limitation "is a result of the determination that matters outside the administrative record are ordinarily not *relevant* to the court's review of an ERISA benefit decision." *Id.* (emphasis added). The general rule regulating discovery in denial of benefits cases under ERISA requires courts to limit discovery to what is relevant to a procedural challenge. *See Wilkins*, 150 F.3d at 618; *Johnson*, 324 F.App'x at 467; *Price v. Hartford Life & Accident Ins. Co.*, ___ F.Supp.2d ___, 2010 WL 3998039, at *5 (E.D. Mich. Oct. 12, 2010). Where the court will review the record *de novo*—rather than

for abuse of discretion—the relevance of discovery regarding conflicts of interest is vanishingly minute. Discovery related to conflicts of interest may be allowed when the plan administrator's decision is afforded deference because the court must consider the conflict as a factor in determining whether the plan administrator breached a fiduciary duty by denying benefits in an arbitrary and capricious manner. When the court will independently review the record, affording no deference to the decisions of the plan administrator, "the significance of the administrator's conflict of interest evaporates." *Price*, 2010 WL 3998039, at *6.

At the hearing, the parties acknowledged that no plan documents have been found or produced granting the plan administrator discretion to determine eligibility or interpret the LTD Plan. Even though Defendants would gain the benefit of deferential review of the plan administrator's decision if they could demonstrate an express grant of discretionary authority, they continue to claim inability to locate any plan documents, if such documents ever existed. Therefore, the court will review Plaintiff's denial of benefits *de novo*, so no discovery is needed on LINA's structural conflict of interest. Plaintiff has presented nothing to indicate an actual conflict of interest, let alone a conflict that would infect the record to such degree that *de novo* review by this court would be insufficient to cure any defects.

### B. Summary Plan Description

At the hearing, Plaintiff also argued for discovery on the basis of potential civil penalties. ERISA provides for the imposition of civil penalties on plan administrators for failure or refusal to provide required information. 11 U.S.C. § 1132(c)(1). A plan administrator is not liable to such penalties, however, where "such failure or refusal

results from matters reasonably beyond the control of the administrator." 11 U.S.C. § 1132(c)(1). "It is well established that only plan administrators are liable for statutory penalties under § 1132(c)." *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 584 (6th Cir. 2002) (citations omitted). The plan administrator is defined as "the person specifically so designated by the terms of the instrument under which the plan is operated" or the "plan sponsor"—typically the employer. 11 U.S.C. § 1002(16). Plaintiff requests limited discovery concerning: 1) whether Defendants were reasonably able to provide the requested documents, and 2) the identity of the plan administrator.

Defendants have admitted failure to provide the summary plan description requested by Plaintiff, but they claim reasonable inability to obtain the documents. At the hearing, the very existence of the documents was called into question. Defendants further admitted at the hearing that LINA has been acting in the capacity of the plan administrator in the absence of the plan documents. Whether Defendants were able to provide Plaintiff with the information requested must ultimately be decided as an issue of fact. Because the facts involved in the civil penalties claim reach beyond the administrative record and do not deal with the denial of benefits, Plaintiffs should be afforded discovery. However, discovery will be limited to establishing the existence or nonexistence of the documents, their content and location if in existence, and the efforts made by Defendants to locate the documents.

### III. CONCLUSION

IT IS ORDERED that limited discovery is allowed to determine the existence of plan documents and the related ability of Defendants to provide such plan documents to

Plaintiff, all of which is relevant strictly to Count II.  Discovery must be completed by **January 28, 2011**, and comport with all applicable federal and local rules.

IT IS FURTHER ORDERED that no discovery is allowed on Plaintiff's procedural challenge regarding Defendants' conflict of interest.

IT IS FURTHER ORDERED that the parties attend a telephone conference on **February 3, 2011 at 11:00 am**.  At that time, the court will set the schedule for further proceedings.

      S/Robert H. Cleland_____
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 3, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 3, 2010, by electronic and/or ordinary mail.

      S/Lisa Wagner_____
Case Manager and Deputy Clerk
(313) 234-5522