UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN MCCOLLUM,

    Plaintiff,

v.                                                    Case No. 10-11471

LIFE INSURANCE COMPANY OF NORTH
AMERICA, et al.,

    Defendants.
                                          /

**ORDER DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

On December 6, 2012, pursuant to a Sixth Circuit mandate, the court remanded the case to Fabristeel Products, Inc., the plan administrator, to provide a full and fair review of Plaintiff Melvin McCollum's claim for disability benefits. Shortly thereafter Plaintiff moved for attorney's fees in the amount of $42,928.50 and litigation costs in the amount of $1,723.99. Plaintiff, however, has not yet achieved success, and his motion for attorney's fees and costs is not ripe.

Under ERISA, the court may award reasonable attorney's fees and costs to either party. 29 U.S.C. § 1132(g)(1). A party must show "some degree of success on the merits" before a court may award fees and costs under § 1132(g)(1). *Hardt v. Reliance Standard Life Ins. Co.*, __ U.S. __, 130 S. Ct. 2149, 2158 (2010) (citations omitted). A claimant satisfies this requirement "if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central

issue." *Id.* (citations and alterations omitted). But the requirement is not met if the party achieves a "purely procedural victory" or "trivial success on the merits." *Id.* (citations and alterations omitted). The Supreme Court has specifically reserved for later the determination of "whether a remand order, without more, constitutes 'some success on the merits.'" *Id.* at 2159.

The case has been remanded to the plan administrator, "without more," to provide a full and fair review of Plaintiff's claim for disability benefits, and Plaintiff has not yet achieved any "degree of success on the merits." The court will deny the motion without prejudice pending the final review of Plaintiff's claim for disability benefits. Once the review has been completed (and, if necessary, subjected to review), if Plaintiff can then colorably claim "success on the merits," his attorney may either reinstate the present motion by filing a notice, file a new motion, or present a proposed stipulated order. Accordingly,

IT IS ORDERED that Plaintiff's motion for attorney's fees and costs [Dkt. # 48] is DENIED WITHOUT PREJUDICE.

  s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 25, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 25, 2013, by electronic and/or ordinary mail.

  s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522